UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEALEVEL CONSTRUCTION, INC.<br>   Plaintiff | CIVIL ACTION |
| VERSUS | NO. 12-874 |
| WESTCOAST CORPORATION, et al.<br>   Defendants | SECTION "E" |

**ORDER**

The Court has reviewed Defendants' Motion to Alter Judgment, or Alternatively for New Trial under Rule 52(b).[1] Defendants' motion is **GRANTED** in part and **DENIED** in part for the reasons set forth below.

Defendants' motion to correct a clerical error in Finding of Fact #50[2] is granted without objection. The second sentence in Finding of Fact #50 is revised to read as follows:

> Because Sealevel failed to drive any batter piles whatsoever and at no point was on schedule, the Court concludes that Sealevel breached the contract and rendered deficient performance.

Defendants' motion to amend Finding of Fact #31 is granted in part. Finding of Fact #31 is revised to add the following sentences:

> Sealevel's revised proposal for the Project included costs for jetting the battered piles, namely $9,450 for equipment and $39,474.46 for labor, totaling $48,924.46.[3] Sealevel did not jet any piles on the Project.

Defendants' motion to amend Finding of Fact #33 is denied. As the Court has held, Bo-Mac's bid did not but should have included the cost of jetting, and Westcoast was not reasonably mitigating its damages when it issued a change order and paid an

---

[1] R. Doc. 97.
[2] R. Doc. 94.
[3] Exhibit 8-10.

additional amount for jetting to Bo-Mac. If Westcoast paid twice for jetting the piles it is through its own fault. Sealevel paid $503,166.89 to Boykin Brothers for the jetted plumb and battered piles, all of which were used in the Project.[4] Westcoast paid Sealevel $83,028.16.[5] Given the factual circumstances of this case, it can hardly be said that Sealevel has received a windfall.

Defendants' motion to reconsider and amend Finding of Fact #27 is denied. The trial court weighed the credibility of the witnesses and credited the testimony of Henry R. Whitty, Sr., an expert in the field of pile driving and estimating based on his fifty years of experience as a pile driving operator, foreman, estimator, manager and consultant.[6] Defendants' related request for an additional finding of fact that Sealevel is estopped from disputing Bo-Mac's subcontract price to mobilize and demobilize is denied.

The Defendants' request that the judgment be reduced is denied. Defendants' motion for a new trial is denied. A Rule 59(e) motion calls into question the correctness of a judgment. Such a motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Defendants' motion has done neither.

**IT IS ORDERED** that Defendants' motion is **GRANTED** in part and **DENIED** in part as set forth above.

**New Orleans, Louisiana, this 6th day of October, 2014.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[4] Finding of Fact #17.
[5] Finding of Fact #43.
[6] R. Doc. 82.